IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2016 APR 27 P 12: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**BERNIE FELTMAN,**

**PLAINTIFF,**

v.                                                      **CIVIL ACTION NO. 1:16-cv-296**

**BNSF RAILWAY COMPANY, INC.,**

**DEFENDANT.**                          **JURY TRIAL DEMANDED**

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334(4), 1343(4), 2201, 2202 and pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.  § 12101, *et seq.*  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA.

2.    Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

1

## II.   PARTIES

3.      Plaintiff, Bernie Feltman, (hereinafter "Plaintiff") is a resident of Headland, Henry County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Southern Division.

4.      Defendant, BNSF RAILWAY COMPANY, INC. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* Defendant employs at least twenty (20) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III.   STATEMENT OF FACTS

5.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.      Plaintiff applied for work with Defendant

7.      Defendant conditionally offered Plaintiff the position of Conductor Trainee.

2

8.    Prior to the conditional offer, Plaintiff completed applications and interviews, such that all that remained was to complete a background check and medical certification.

## IV.   COUNT ONE – ADA – Disability Discrimination

9.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-8 above.

10.    Defendant notified Plaintiff that he passed all of his background checks.

11.    For the medical review, Defendant sent Plaintiff to Prime Care Occupational Medicine in Dothan, Alabama.

12.    Prime Care certified Plaintiff as being able to perform all of the essential functions of the job with Defendant.

13.    Defendant sent Plaintiff to Thomasville, Georgia to a clinic for a physical therapy test.

14.    Plaintiff completed and passed that physical therapy test, and that clinic gave Plaintiff a full medical certification to work with Defendant.

15.    On September 7, 2014, Plaintiff received a letter from Defendant congratulating Plaintiff on successfully completing all of the pre-employment process.

16.    Defendant gave Plaintiff a log-in user name and password to allow Plaintiff to access employee forms on Defendant's website to complete employment.

3

17.    Defendant gave Plaintiff a reporting date for his first day of employment with Defendant.

18.    In completing the employment process on line, as a new employee, there was a directive that Plaintiff was to report any conceivable disability that Plaintiff might have.

19.    To err on the side of caution, Plaintiff reported that he had lost the toes on one foot in an accident forty-one years ago, but that it would not cause Plaintiff any problems with fulfilling the essential functions of the job.

20.    When Plaintiff completed the online process and submitted it to Defendant, Defendant's medical department immediately withdrew Plaintiff's offer of employment and told Plaintiff that he was medically ineligible to work for Defendant in the position for which he had been hired.

21.    Over the next several months thereafter, Plaintiff went back and forth with the Defendant's medical department to try to have it withdraw the disqualification.

22.    Plaintiff obtained a complete release and certification to perform the essential functions of the job from a podiatrist and provided that to the medical department of Defendant. It made no difference. The job offer was not reinstated.

23.    Plaintiff fulfilled all pre-employment requirements of Defendant, yet Defendant failed to honor Plaintiff's hiring based upon Plaintiff's disability that

4

would not affect Plaintiff's ability to perform the essential functions of the job for which he was hired as evidence by his passing all physical tests for the job.

24.     Defendant's physicians and medical staff conducted the medical examination of the Plaintiff and all physicians and medical staff cleared Plaintiff medically to accept the open position so that there is no logical, medical or other basis to believe that Plaintiff's disability would prevent Plaintiff from performing the essential functions of the job.

25.     But for Plaintiff's disability, Defendant would have hired Plaintiff for the position Plaintiff sought.

26.     In failing to hire Plaintiff, Defendant violated the ADA because of Plaintiff's disability.

27.     As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

**VI.     COUNT TWO – ADA – Perception - Disability**

28.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-27 above.

29.     But for Defendant's perception of Plaintiff having a disability, Defendant would have hired Plaintiff for the position Plaintiff sought.

30.     In failing to hire Plaintiff, Defendant violated the ADA because of Defendant's perception of Plaintiff having a disability.

5

31.    As a result of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADA;

B.    Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have had, had he not been discriminated against;

C.    Award him back pay, together with employment benefits, front pay; compensatory damages; punitive damages; special damages; nominal damages;

D.    Attorneys' fees and costs;

E.    Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 12101 that the actions of Defendant are violative of the law; and,

F.    Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

6

DAVID R. ARENDALL

ALLEN D. ARNOLD

OF COUNSEL:

ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
(205) 252-1550 – Office
(205) 252-1556 – Facsimile

## **PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

DEFENDANT'S ADDRESS:

BNSF Railway Company, Inc.
c/o Agent for Service of Process
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

7